# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:22 CV 41 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JASON WESTHOVEN AND ASSOCIATES, LTD.,** | |
| | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

## INTRODUCTION

Currently pending before the Court in the instant case is the Government's Motion for Summary Judgment (Doc. 8), to which Defendant Jason Westhoven and Associates, Ltd. filed an Opposition (Doc. 11), and the Government replied (Doc. 12). Jurisdiction is proper under 28 U.S.C. § 1331. For the following reasons, the Court denies the Government's Motion.

## BACKGROUND

On June 19, 2017, the Occupational Safety and Health Administration ("OSHA") issued a Citation and Notification of Penalty to Defendant, asserting three violations of the Occupational Safety and Health Act at 3033 Algonquin Parkway in Toledo, Ohio based on a May 16, 2017 site inspection. (Doc. 8-1). The Notification provided proposed penalties of $4,183, $8,963, and $20,914, for a total of $34,060. (Doc. 8-1, at 6-9). It further provided:

> **Right to Contest** – You have the right to contest this Citation and Notification of Penalty. You may contest all citation items or only individual items. You may also contest proposed penalties and/or abatement dates without contesting the underlying violations. **Unless you inform the Area Director in writing that you intend to contest the citation(s) and/or proposed penalty(ies) within 15 working days after receipt, the citation(s) and the proposed penalty(ies) will**

**become a final order of the Occupational Safety and Health Review Commission and may not be reviewed by any court or agency**.

(Doc. 8-1, at 2) (emphasis in original); *see also id.* at 1-2 (requiring request for an informal conference to be made during same fifteen working day contest period).

Jason Westhoven is the owner of Jason Westhoven and Associates, Ltd. (Westhoven Aff., Doc. 11-1, at ¶ 1). His former wife, Crystal Westhoven, "had no formal or informal role in the company". *Id.* at ¶ 7. The Notification and Citation were sent via certified mail to:

> Mr. Jason Westhoven, Owner
> Jason Westhoven and Associates, LTD
> 122 W. Maumee
> Napoleon, OH 43545

(Doc. 8-1, at 11). The West Maumee address was both the Westhovens' home and the business address. (Doc. 12-1); (Doc. 11-1, at ¶ 5) (referencing "our home, which was also my business location"). The certified mail receipt reflects a date of delivery of June 28, 2017, and Crystal's signature. *Id.*

Westhoven asserts Crystal "never informed [him] about the citations", nor did she "put the citations in a location in which mail for [his] company was placed." (Westhoven Aff., Doc. 11-1, at ¶ 6). Westhoven asserts he first knew of the citations when he received correspondence dated August 29, 2017 from OHSA Area Director Kim Nelson notifying him of an unpaid penalty debt. *Id.* at ¶ 2; Doc. 8-1, at 16 (correspondence). Westhoven then called OSHA and requested an opportunity to discuss the citations, but he was told time to do so had expired and the citations were final. (Westhoven Aff., Doc. 11-1, at ¶¶ 3-4). If he had known of the citations, he "would have first attempted to resolve the citations through the informal settlement conference process, and if unsuccessful, would have filed a notice of contest." *Id.* at ¶ 9.

2

The Government attaches a Certificate of Indebtedness addressed to Defendant, signed by Regina Crisafulli, Financial Program Specialist, U.S. Department of the Treasury, Bureau of the Fiscal Service. (Doc. 8-2). It is sworn under penalty of perjury pursuant to 28 U.S.C. § 1746 and lists the "total debt due United States as of August 19, 2021" as $59,253.44. *Id.*

## STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## DISCUSSION

The narrow question before the Court is whether Crystal's signature on the certified mailing demonstrates "receipt" by Defendant of the notice, thus triggering a statutory fifteen-day contest period. The Court finds Defendant has established a genuine issue of material fact regarding receipt and denies the Government's motion.

<u>Notification</u>

> Pursuant to the enforcement provisions of the Occupational Health and Safety Act:
>
> **(a) Notification of employer of proposed assessment of penalty subsequent to issuance of citation; time for notification of Secretary by employer of contest by employer of citation or proposed assessment; citation and proposed**

> **assessment as final order upon failure of employer to notify of contest and failure of employees to file notice**
>
> If, after an inspection or investigation, the Secretary issues a citation under section 658(a) of this title, he shall, within a reasonable time after the termination of such inspection or investigation, *notify the employer by certified mail of the penalty*, if any, proposed to be assessed under section 666 of this title and that the employer has fifteen working days within which to notify the Secretary that he wishes to contest the citation or proposed assessment of penalty. If, *within fifteen working days from the receipt of the notice* issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty, and no notice is filed by any employee or representative of employees under subsection (c) within such time, the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency.

29 U.S.C. § 659(a) (emphasis added). Courts have found when appropriate notice of a citation is provided and the employer fails to contest the citation within the relevant time period, courts cannot review the facts of the violations or the amount of the penalty. *See, e.g.*, *Brennan v. Winters Battery Mfg. Co.*, 531 F.2d 317, 324 (6th Cir. 1976).

Thus, if the certified mailing, signed by Crystal, constitutes "receipt of the notice" under § 659(a), then the fifteen-day period to contest the fact of the violations or amount of the penalties expired and the Government is entitled to summary judgment. If the certified mailing does not constitute "receipt of the notice", or if there is a dispute of fact as to receipt, then the Government is not so entitled.

Although there is a plethora of case law addressing the finality of an OSHA determination absent a contest within the statutory period, cases grappling with a dispute over proper notification or what constitutes "receipt" are scarce. First, in 1976 in *Brennan v. Winters Battery Manufacturing Co.*, the Sixth Circuit found that where "[n]otice to Winters of the citation and proposed assessment of penalty is documented on the record by certified mail

4

receipts signed by Winters through a representative whose authority is not questioned", the assessment was deemed to be a final order not subject to review. 531 F.2d at 324.

Second, a few years later in *Capital City Excavating Co. v. Donovan*, the Sixth Circuit found "when a citation and notice of penalty is delivered to corporate headquarters by the statutory means and delivery is accepted by an agent of the corporation possessing authority to do so, there has been 'receipt' of the document within the meaning of 29 U.S.C. § 659(a)." 679 F.2d 105, 110 (6th Cir. 1982) (footnote omitted). The Court reasoned:

> The affidavit of Ralph Walls does not dispute the authority of the clerical employee at corporate headquarters who signed the return receipt to receive or sign for certified mail. Though this employee did not have authority to act on the citation, it is clear that she passed it along to a company officer, because Walls had it in his possession two days later. In the absence of circumstances not present here when a citation and notice of penalty is delivered to corporate headquarters by the statutory means and delivery is accepted by an agent of the corporation possessing authority to do so, there has been "receipt" of the document within the meaning of 29 U.S.C. s 659(a). It is reasonable to believe that such delivery will bring the document promptly to the attention of an officer or manager in position to take steps either to abate the charged deficiencies or give notice of protest. Because a citation and penalty proposal involves a determination that workers are in danger of injury the Act provides an extremely short time for protest. This period is not to be extended merely because of delay in the internal routing of the notification document after its delivery to corporate headquarters.

*Id.* (footnotes omitted).[1]

This case is unlike both *Brennan* and *Capital City Excavating*, because in each, the Sixth Circuit expressly noted the authority of the signatory was not challenged. *See Brennan*, 531 F.2d

---

1. Defendant further cites an Occupational Safety Health Review Commission decision cited within *Capital City Excavating*, but the Sixth Circuit merely noted the Government cited that case and also distinguished between service by personal service versus certified mail. 679 F.2d at 109 ("See Donald K. Nelson Construction, Inc., 1975-1976 OSHD P 24,203 (OSHRC 1975)1975-1976 OSHD P 24,203 (OSHRC 1975) (notification left with the wife of the president of the employer corporation at her home was held not to start the time for notice of contest running)"). Such a case is also distinguishable from the instant one on the basis that here the business and home address were the same.

at 324 ("certified mail receipts signed by Winters through a representative whose authority is not questioned"); *Capital City Excavating*, 679 F.2d at 110 ("The affidavit of Ralph Walls does not dispute the authority of the clerical employee at corporate headquarters who signed the return receipt to receive or sign for certified mail."). In this case, Defendant presents evidence to dispute Crystal Westhoven's authority to act on behalf of Defendant and receipt by Defendant. (Westhoven Aff., Doc. 11-1, at ¶¶ 3, 6-7).

In other contexts, the Sixth Circuit has explained the law recognizes a presumption of receipt upon proof "that the item was properly addressed, had sufficient postage, and was deposited in the mail." *In re Yoder Co.*, 758 F.2d 1114, 1118 (6th Cir. 1985). This presumption of service is stronger for certified mail when "there is proof of attempted delivery and notification of certified mail." *Sanchez v. Holder*, 627 F.3d 226, 232 (6th Cir. 2010). But this presumption may be rebutted. And here, Defendant has presented an affidavit rebutting it. As such, the Court finds there is an issue of fact regarding whether Defendant received the notice and triggered the statutory contest period. *Cf. In re SCI Direct LLC*, 2020 WL 718320, at *1 (N.D. Ohio) ("In an affidavit, Defendant's statutory agent and president denied receipt of the summons and complaint . . . . Her affidavit is sufficient to rebut the presumption of receipt. . . . The court is now left with a question of fact as to whether Defendant was properly served[.]").

In Reply, the Government contends notice was proper because it complied with Ohio service requirements, citing Ohio case law. *See generally* Doc. 12. This argument is based in part on Federal Civil Rule 4(e)(1)'s statement that service may be properly accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made". But Rule 4(e) starts with the words: "Unless federal law provides otherwise . . ." Here, the relevant federal law – 29

U.S.C. § 659(a) – provides specifically for the OSHA notice to be served by certified mail, so Ohio rules regarding service of process are not applicable the way the Government asserts.

The Government further asserts the notice was constitutionally sound because it was "reasonably calculated" to reach Defendant. (Doc. 12, at 2). The Court agrees the notice – sent to Defendant's listed business address – satisfies the requirements of constitutional due process. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). But that the notification satisfied due process requirements does not resolve the contested factual question regarding whether Defendant received the notice and triggered the statutory contest period. *Cf. United States v. Bolton*, 781 F.2d 528, 532 (6th Cir. 1985) ("[B]ecause defendants say they never received notice of the violations and penalties, the Court believes this factual issue must be tried.") (quoting district court opinion).

The Court therefore finds the Government has not satisfied its burden to show entitlement to summary judgment. There is a disputed issue of material fact regarding "the receipt of the notice" under 29 U.S.C. § 659(a).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that the Government's Motion for Summary Judgment (Doc. 8) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE